**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| JOHN W. BIDDLE, | |
| Petitioner, | Civil Action No. 15-2058 (RMB) |
| v. | |
| STEPHEN D'ILLIO, et al., | **OPINION** |
| Respondents. | |

**BUMB**, United States District Judge.

This matter comes before the Court on a motion to compel filed by Petitioner John Biddle. (ECF No. 15). He asks the Court to compel the New Jersey state courts to assign him counsel to assist him with his post-conviction relief ("PCR") petition. Id. For the reasons stated below, the motion is denied.

I. **BACKGROUND**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on March 23, 2015. (ECF No. 1). The Court administratively terminated the petition on March 31, 2015 because Petitioner had not used the form provided by the Clerk's Office. (ECF No. 2). Petitioner submitted the correct document, and the Court reopened the matter. (ECF No. 7).

The Court reviewed the petition prior to service on respondent pursuant to 28 U.S.C. § 2254 Rule 4. (ECF No. 11). The Court administratively terminated the petition after finding that Petitioner had failed to comply with Habeas Rule 2 by setting forth the facts supporting the claims and or containing sufficient information for the Court to determine whether he exhausted state remedies as to those claims. (Id. at ¶¶ 8-10). Petitioner filed a letter requesting that his "mixed" petition be dismissed without prejudice so he could exhaust his state court remedies. (ECF No. 12). The Court granted his request for a stay on July 26, 2016 and administratively terminated the matter. (ECF No. 14).

Petitioner filed the instant motion to compel on June 14, 2019. (ECF No. 15). He asserts the state courts have failed to address his PCR motion and asks the Court to compel the state courts to appoint him an attorney to assist him. (Id. at 4). The Court considers this a motion for writ of mandamus.

## II. ANALYSIS

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. See also 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law."). Mandamus relief is an extraordinary remedy, and "the Supreme Court has required that 'a party seeking issuance have no other adequate means to attain the relief he desires.'" United States v. Santtini, 963 F.2d 585, 594 (3d Cir. 1992) (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980)).

The Court lacks authority under § 1361 to issue an order compelling the state courts to take a particular action in Petitioner's PCR proceedings as the state courts are not employees or agencies of the United States. See In re Cook, 589 F. App'x 44, 45 (3d Cir. 2014) ("To the extent that [petitioners] are challenging the handling of the ... cases in the state courts ... and the actions of state officials with respect to those cases, they do not allege an action or omission by... federal official[s] within this circuit over which we might exercise our authority by way of mandamus."). Moreover, Petitioner has other remedies available to him, namely the state appellate courts. "Accordingly, exercise of our mandamus jurisdiction here would be improper." Cook, 589 F. App'x at 45.

The Court's stay and abeyance order does not require the state courts to take any particular action on any PCR petition filed by Petitioner. The order's only purpose is to put a hold on Petitioner's federal habeas proceedings and to limit the time in which Petitioner could make his filing in state court and return

3

to this Court once exhaustion is complete. The order does not mandate that the state courts accept Petitioner's filings as timely or otherwise procedurally proper under state law. Those are issues to be decided by the state courts. Until Petitioner files a motion to reopen his § 2254 proceedings accompanied by his second amended § 2254 petition, the Court lacks jurisdiction over the proceedings.

The motion is denied.

### III. CONCLUSION

For the reasons stated above, the motion to compel is denied. An accompanying Order will be entered.

Dated: **August 14, 2019**

                                        s/ RENÉE MARIE BUMB
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**